J-A07029-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| EDWARD THOMAS ADAMS | |
| Appellant | No. 1445 WDA 2016 |

Appeal from the Judgment of Sentence August 31, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No: CP-02-CR-0002870-2016

BEFORE:  OLSON, STABILE, and STRASSBURGER, [*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED JUNE 5, 2017**

Appellant, Edward Thomas Adams, appeals from the August 31, 2016 judgment of sentence entered in the Court of Common Pleas of Allegheny County ("trial court") sentencing him to a period of six months' probation following a non-jury trial for driving under the influence (DUI).[1]  Upon review, we affirm.

The factual and procedural history of the matter is undisputed.[2] Briefly, on January 10, 2016, at approximately 2:56 a.m., Officer Falconio

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 75 Pa.C.S.A. § 3802(a)(1).

[2] All facts come from the trial court's December 5, 2016 opinion unless otherwise noted.

observed a white Dodge Dart pulling into the parking area of a shopping plaza, which included a shop owned by Appellant. All shops in the plaza were closed. After the vehicle did not leave the parking lot, Officer Falconio pulled behind the car in the lot. Officer Falconio did not activate his lights or sirens, proceeded to call for backup, approached the vehicle, and knocked on the driver's window. Appellant was behind the wheel of the vehicle; however, the engine and lights were off.

Appellant attempted to exit the vehicle rather than lower the window; however, Officer Falconio closed the door and requested he open the window until backup arrives. Appellant stated he could not do so because he did not have the keys; however, the keys were visible in the rear of the vehicle. After backup arrived, Officer Falconio opened the door and spoke to Appellant. At this time Officer Falconio noticed Appellant exhibited a strong odor of alcohol, bloodshot and glassy eyes, and was slurring his speech. After directing Appellant through field sobriety tests, Officer Falconio arrested Appellant for DUI.

On June 9, 2016, Appellant filed an omnibus pre-trial motion including a motion to suppress. The trial court held a hearing on Appellant's motion on August 25, 2016. After denying Appellant's motion, the trial court conducted a non-jury trial, at the conclusion of which it found Appellant guilty of DUI. On August 31, 2016, Appellant was sentenced to a period of six months' probation. Appellant filed a timely notice of appeal on September 29, 2016, and a concise statement of matters complained of on

appeal on October 12, 2016. The trial court issued a Pa.R.A.P. 1925(a) opinion on December 5, 2016.

Appellant raises one issue for review, which we quote verbatim.

Whether the trial court erred in denying Appellant's motion to suppress when he was detained for pulling into his own business, when such was closed, and thus the stop and subsequent detention was not supported by probable cause or reasonable suspicion of criminal activity.

Appellant's Brief at 4.

Our standard of review for a denial of a motion to suppress is well established.

[a]n appellate court may consider only the Commonwealth's evidence and so much of the evidence for the defense as remains uncontradicted when read in the context of the record as a whole. Where the record supports the factual findings of the trial court, the appellate court is bound by those facts and may reverse only if the legal conclusions drawn therefrom are in error. However, it is also well settled that the appellate court is not bound by the suppression court's conclusions of law.

*Commonwealth v. Nguyen*, 116 A.3d 657, 663-64 (Pa. Super. 2015) (citations omitted). "To determine whether a mere encounter rises to the level of an investigatory detention, we must discern whether, as a matter of law, the police conducted a seizure of the person involved." *Commonwealth v. Collins*, 950 A.2d 1041, 1046 (Pa. Super. 2008) (quoting *Commonwealth v. Reppert*, 814 A.2d 1196, 1201 (Pa. Super. 2002) (citations omitted)). After review of the record, the briefs, and the law, the trial court's December 5, 2016 opinion adequately addresses Appellant's claim. When Officer Falconio approached the vehicle, a mere

encounter ensued, not an investigatory detention. Officer Falconio merely approached a parked vehicle in an empty parking lot at approximately 3:00 a.m. He did not need reasonable suspicion or probable cause to do so. Officer Falconio's subsequent observations, as well as Appellant's actions, permitted Officer Falconio to transform this mere encounter into an investigatory detention based upon articulable facts that suggested criminal activity might be afoot.

In conclusion, we find Appellant's claim is meritless. Thus, we affirm the judgment of sentence. We direct that a copy of the trial court's December 5, 2016 opinion be attached to any future filings in this case.

Judgment of sentence affirmed.

Judge Olson joins the memorandum.

Judge Strassburger files a concurring memorandum in which Judge Stabile joins.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/5/2017